# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| Plaintiff-Appellee ) | |
| v. ) | **No.3:07-CR-00082-VEH-JEO** |
| ) | |
| **JOHN PILATI** ) | |
| ) | |
| Defendant-Appellant ) | |

_____

## MEMORANDUM OPINION

**I.    INTRODUCTION**

In a case tried before United States Magistrate Judge John E. Ott, a jury convicted Defendant John Pilati ("Pilati") of five counts for violation of 18 U.S.C. § 242, which imposes criminal penalties for the deprivation of civil rights. After Pilati was convicted by the jury, the magistrate judge determined, as part of his sentence, that Pilati's conviction of Count Four[1] meant that Pilati had committed a "sex offense" as defined in 42 U.S.C. § 16911 (I) and that he was therefore required to register as a sex offender as a condition of his supervised release from

---

[1] Count Four charged that "John Pilati, then employed as the District Attorney of Franklin county, Alabama, while acting under color of law, did stroke the testicles of A.Y. and did thereby deprive A.Y. of the right . . . to be free from unreasonable search by one acting under color of law . . . in violation of [18 U.S.C. § 242]." (Doc. 21 at 3.)

incarceration.² Pilati appeals only this aspect of the final judgment entered against him. As discussed in greater detail below, because the magistrate judge committed no error, much less plain error, the Court finds that the decision of the magistrate is due to be **AFFIRMED**.

II.  **THE ROLE OF THE DISTRICT COURT REVIEWING THE JUDGMENT OF A MAGISTRATE JUDGE**

Because Pilati appeals the judgment of a magistrate judge, this Court sits as a court of appeal, rather than a trial court. Pursuant to 18 U.S.C. § 3402, a defendant convicted by a United States magistrate judge may appeal the judgment of the magistrate judge to a judge of the district court in which the offense was committed. *See also*, Fed. R. Crim. P. 58(g)(2)(B). The scope of review by the district court is limited, since "[t]he defendant is not entitled to a trial de novo by a district judge." Fed. R. Crim. P. 58(g)(2)(D). "The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." *Id.*

III.  **FACTUAL AND PROCEDURAL HISTORY**

Pilati, a former District Attorney for Franklin County, Alabama, was indicted on March 2, 2007, under five counts of violating 18 U.S.C. § 242, which imposes

---

² Title 18 U.S.C. § 3583 (d) states in relevant part that "[t]he court shall order, as an explicit condition of supervised release for a person required to register under the Sex Offender and Notification Act ["SORNA;" 42 U.S.C. § 16901 et seq.], that the person comply with the provisions of that Act."

criminal sanction for the deprivation of civil rights under color of law. (Doc. 1, *as amended by* Doc. 21.) The conduct underlying all five counts of the indictment occurred while Pilati was serving as district attorney. (Doc. 21.) Pilati was accused of conducting drug tests on individuals named in the indictment and, while administering the drug tests, fondling the genitalia of the individuals. (*Id.*)

Pilati moved to have his case tried before a magistrate judge in lieu of a district court judge, which was granted. (Docs. 14, 38.) A jury trial was held before Magistrate Judge John E. Ott and, on November 1, 2007, Pilati was found guilty on all counts of the indictment. He was sentenced to a total term of forty-two months incarceration. (Doc. 75.) The presiding magistrate judge also placed conditions upon Pilati's supervised release. (*Id.* at 3.) Among the special conditions imposed on Pilati's supervised release, the magistrate judge imposed a requirement that Pilati register as a sex offender pursuant to the Sex Offender Registration and Notification Act of the Adam Walsh Child Protection Act of 2006, 42 U.S.C. 16901, *et seq*. ("SORNA"). **(***Id.* at 5.) Registration requirements under SORNA were imposed because, during sentencing, the magistrate judge found that the conviction in Count IV was committed against a victim, A.Y., who was a minor at the time of the offense. Thus, the conviction amounted to a "sex offense" committed "against a minor," thereby triggering SORNA's mandatory registration. (Doc. 90 at 8:11-15.)

3

Prior to imposing the sentence, Pilati had two opportunities to object in writing to the sentencing recommendations (Docs. 65, 71), as well as the opportunity to object orally at his sentencing hearing. In relevant part, Pilati objected to his sentencing recommendations on the ground that the term "sexual contact" as described by 18 U.S.C. § 2246(3) "requires the showing of a specific intent on the part of the Defendant." (Doc. 71 at 1.) Pilati further argued that violation of 18 U.S.C. § 242 should not be viewed as a "sexual offense." (Doc. 71 at 1-2.) At the sentencing hearing, Pilati objected to SORNA registration, but only upon the ground that he was not guilty of committing a "sexual offense," as described above.

Pilati appealed his sentence to this Court (Doc. 76), challenging only the special condition requiring his registration as a sex offender as a term of his supervised release. (Doc. 92.) Specifically, Pilati argues that the trial court erred when it imposed SORNA registration requirements without requiring the jury to make a finding that Pilati's victim was a minor, and without any evidence that the victim was less than eighteen years of age. (Doc. 92 at 5.) Additionally, Pilati argues that the magistrate committed a legal error when he cited an unrelated criminal statute in his analysis at the sentencing hearing, prior to making his finding that Pilati was required to register as a sex offender.

**IV.   ANALYSIS**

### A.     Plain Error Review Applies

The Eleventh Circuit succinctly stated the framework for plain error review in *United States v. Zinn*, 321 F.3d 1084, 1087-1088 (11th Cir. 2003):

> This Court ordinarily reviews the district court's sentence of supervised release for abuse of discretion. *See United States v. Bull*, 214 F.3d 1275, 1278 (11th Cir.2000). Where a defendant fails to clearly state the grounds for an objection in the district court, however, he waives the objection on appeal and we are limited to reviewing for plain error. *United States v. Delgado*, 903 F.2d 1495, 1504 (11th Cir.1990); *United States v. Jones*, 899 F.2d 1097, 1103 (11th Cir.1990), *overruled on other grounds*, *United States v. Morrill*, 984 F.2d 1136 (11th Cir.1993); *see also United States v. Riggs*, 967 F.2d 561, 565 (11th Cir.1992) (noting that a defendant who fails to articulate a "clear objection" to a supervised release condition waives the objection on appeal). To find reversible error under the plain error standard, we must conclude that (1) an error occurred, (2) the error was plain, and (3) the error affected substantial rights. *United States v. Richardson*, 304 F.3d 1061, 1064 (11th Cir.2002).
>
> Regarding the degree of clarity needed to preserve an objection for appeal, we have stated that:
>
>> Whenever a litigant has a meritorious proposition of law which he is seriously pressing upon the attention of the trial court, he should raise that point in such clear and simple language that the trial court may not misunderstand it, and if his point is so obscurely hinted at that the trial court quite excusably may fail to grasp it, it will avail naught to disturb the judgment on appeal.
>
> *Riggs*, 967 F.2d at 564 (quoting *United States v. Reyes-Vasquez*, 905 F.2d 1497, 1500 (11th Cir.1990)).  Thus, if a defendant fails to clearly articulate a specific objection during sentencing, the objection is waived on appeal and we confine our review to plain error.

Further, "'[a]s the name suggests, any plain error must be 'plain.'" *United States v. Chau*, 426 F.3d 1318, 1322 (11th Cir. 2005) (quoting *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir.2003). "As we have repeatedly recognized, an error cannot meet the "plain" requirement of the plain error rule if it is not clear under current law. From that principle flows the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or [the Eleventh Circuit] directly resolving it." *Id.* (internal citations and quotation marks omitted).

As the Government correctly contends, plain error review applies in the instant case because Pilati did not raise the current issue before the Court in either his written objections to the PSI report or at his sentencing hearing. (Doc. 96 at 7-9.) While Pilati did raise an objection as to SORNA registration in his written objections, this objection only concerned the jury's alleged failure to make a specific intent finding that Pilati committed a "sexual offense" under SORNA. (*See* Doc. 71 at 1-2.) Pilati also failed to mention at his sentencing hearing his argument that the jury was required to make a specific finding as to the age of Pilati's victim. (*See* Doc. 90 at 5:18-9:22.) Pilati's counsel did argue at the sentencing hearing that "[the] statute does require a specific finding that the defendant committed a sexual offense and that it must be proved, pled and proved, for the registration aspect of that particular statute

to be triggered," (Doc. 90 at 7: 23-8:2); however, Pilati's vague objection refers only to his prior written objections and, in any event, does not amount to "a clearly articulated, specific objection during sentencing." *Zinn*, 321 F.3d 1084 at 1088. Pilati's short brief submitted in support of his appeal contains no section discussing the applicable standard of review, instead pausing briefly during the penultimate sentence of his brief to state that "[t]he claims should be reviewed *de novo*." (Doc. 92 at 6.) Of course, *de novo* review would not apply even if Pilati had made a clear objection at any time during the proceedings below. Instead, an abuse of discretion standard would apply to this Court's review of the magistrate's decision. 321 F.3d at 1087. Having reviewed the record, the Court finds that Pilati did not clearly articulate a specific objection at any point during his sentencing with respect to the issue of whether the jury was required to find that A.Y. was a minor at the time of the offense. Therefore, plain error review applies.

    **B.    It was not plain error to find, without the assistance of the jury, that A.Y. was a minor.**

Under *United States v. Booker*, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. 220, 244 (2005). Pilati argues

that the jury did not make a finding that A.Y. was a minor; therefore, imposing SORNA's registration requirement runs afoul of *Booker* and its predecessors. (Doc. 92 at 5.) Whether registration as a sex offender under SORNA requires a jury finding is a question of first impression in the Eleventh Circuit.

As an initial matter, the Court notes that, acting as an appellate court in this instance, it is under no obligation to address or develop perfunctory and underdeveloped arguments. *See Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument); *Continental Technical Serv., Inc. v. Rockwell Intern. Corp.*, 927 F.2d 1198, 1198 (11th Cir. 1991) (per curiam) ("An argument not made is waived, whether based on federal law, the law of the forum state, or the law of a foreign state."); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that an argument made without citation to authority is insufficient to raise an issue before the court); Fed.R.App.P. 28(a)(4) ("The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on."). Pilati's brief does not cite a single case (or any other authority) in support of his contetion that "to trigger the registration aspect of SORNA, there must be a factual finding by the jury as to the

8

alleged victim's age. (Doc. 92 at 5.) Pilati's argument with respect to this issue is contained in a single paragraph. Since, reviewing the underlying decision an appellate court, this Court is under no obligation to develop Pilati's arguments for him; the Court declines to do so in this instance. Therefore, the Court finds that this issue has been waived for purposes of appeal.

Further, it is far from clear that the jury was required to make a factual finding as to A.Y.'s age. No cases from the Eleventh Circuit, nor a district court sitting therein, has determined that a finding that a victim is a minor for purposes of SORNA registration is one that must be made by the jury. Neither party has cited any case law, whether from a court of appeals or other district court, that has directly passed on this issue as part of a holding, and the only dicta on this issue supports the Government's position.[3]

The government's own position rests on the conclusion that SORNA is a civil

---

[3] The Ninth Circuit briefly passed on this issue through dicta in a footnote. *See United States. v. Mi Kyung Byun,* 539 F.3d 982, 993 n. 14 (9th Cir. 2008) ("Were we interpreting a criminal statute, we would be considerably more hesitant to conclude that an element, such as the age of a victim, can be determined by a judge after examining the underlying facts of a crime. As the Supreme Court noted in *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (plurality opinion), allowing a judge in a criminal proceeding to look beyond charging documents to the underlying facts of an earlier offense may well implicate the Sixth Amendment's requirement that all facts, other than that of a prior conviction, that increase the maximum punishment for a crime must be proven to a jury beyond a reasonable doubt. *Id.* at 25, 125 S.Ct. 1254. Here, however, we are faced not with a statute that imposes criminal punishment, but rather with a civil statute creating registration requirements.")

regime and that civil remedies imposed as part of a criminal sentence do not fall subject to *Booker*'s requirements. (Doc. 96 at 9-10.) Several courts outside of the Eleventh Circuit have noted, in passing, that civil penalties do not fall subject to *Booker*, but all of these cases have made such a finding with respect to restitution, and not with respect to SORNA. *See, e.g.*, *United States v. Rand*, 403 F.3d 489, 495 n. 3 (7th Cir.2005) ("[S]ince restitution is essentially '[a] civil remedy included with a criminal judgment,' the facts underlying a restitution order need not be established beyond a reasonable doubt and thus are not governed by *Apprendi*, *Booker* and the other recent jurisprudence addressing sentencing issues."); *United States v. Garcia-Castillo*, 127 Fed. Appx. 385, 391 (10th Cir. 2005) (citing cases and noting that "[w]hether restitution is criminal punishment and whether restitution is subject to *Apprendi*, *Blakely*, and *Booker* are by no means settled questions in courts across the country"). In the only analogous Eleventh Circuit case with respect to this issue, *United States v. Williams*, the court held that "*Booker* does not apply to restitution orders . . . because restitution orders are authorized by the MVRA, a statute unaffected by *Booker*." 445 F.3d 1302, 1310-1311 (11th Cir. 2006), *abrogated on other grounds by United States v. Lewis*, 492 F.3d 1219 (11th Cir. 2007). However, nowhere in *Williams* did the court state that civil remedies are categorically exempted from *Booker*'s requirements.

Additionally, even if civil remedies were categorically exempted from *Booker*, it is not settled law as to whether SORNA is a civil remedy. Once again, the Eleventh Circuit has not addressed this issue. Other circuits discussing whether SORNA is civil or criminal have typically addressed it in the context of an *ex post facto* challenge. *See, e.g.*, *United States v. Lawrance*, 548 F.3d 1329, 1333 (10th Cir. 2008) ("SORNA is both civil in its stated intent and nonpunitive in its purpose . . . and therefore does not violate the *Ex Post Facto* Clause."); *United States v. Hinckley*, 550 F.3d 926, 938 (10th Cir. 2008) (finding that SORNA amounted to "a civil retroactive registration scheme" that relied on "criminal penalties to further its civil intent."); *see also Mi Kyung Byun*, 539 F.3d 982, 993 (9th Cir. 2008) (concluding in dicta that SORNA is civil and not criminal).

Thus, even if the magistrate judge did err in imposing SORNA registration requirements in the absence of a jury's finding that A.Y. was a minor, the error was not "plain", since neither the Eleventh Circuit nor the Supreme Court has addressed whether *Booker* applies to SORNA, or any of the other issues of first impression raised within this opinion. *See United States v. King*, 414 F.3d 1329, 1330 (11th Cir. 2005) (per curiam) (citing *United States v. Aguillard*, 217 F.3d 1319, 1321 (11th Cir. 2000) ("[W]here neither the Supreme Court nor this Court has ever resolved an issue, and other circuits are split on it, there can be no plain error in regard to that issue.").

Accordingly, Pilati cannot pass the plain-error test with respect to his argument that a jury (and not the magistrate) was required to find that A.Y. was a minor.

### C. Pilati admitted, for purposes of sentencing, that A.Y. was a minor.

Pilati next argues that there "was never any proof presented that, at the time of the alleged fondling incident, A.Y. was less than eighteen years of age." (Doc. 92 at 5.) As was the case with his *Booker*-related argument, Pilati has issued merely a perfunctory statement as to his argument, has failed to cite any legal authority, and has almost entirely failed to make citations to the record, and the Court is not obliged to formulate his argument for him. *See supra* at 7-8. Additionally, as the Government contends, Pilati did not raise this objection in any of written responses to the PSI report, nor did he raise this objection at his hearing. (Doc. 96 at 15.)

> As explained by the Eleventh Circuit in *United States v. Wade*:
>
> It is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes. *See United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir.2005); *see also United States v. Walters*, 269 F.3d 1207, 1213 (10th Cir.2001); *United States v. Joshua*, 40 F.3d 948, 952 (8th Cir.1994). It is also established law that the failure to object to a district court's factual findings precludes the argument that there was error in them. *See United States v. Weir*, 51 F.3d 1031, 1033 (11th Cir.1995); *United States v. Norris*, 50 F.3d 959, 962 (11th Cir.1995) ("[D]efense counsel was given at least two additional opportunities to object to the findings of the presentence investigation report. There were no objections, so under our holdings any such

objections now come too late.") (footnote and emphasis omitted).

458 F.3d 1273, 1277 (11th Cir. 2006).

Both the PSI report and the magistrate judge at the sentencing hearing made factual findings that A.Y. was a minor. Pilati failed to raise an objection to these findings. Indeed, in his first set of written objections to the PSI report, Pilati conceded that A.Y. was, in fact, a minor. (Doc. 65 at 1 ("only A.Y. testified to conduct that occurred to him when he was less than 18 years of age.")). Thus, based on Pilati's failure to object at any stage in the proceedings prior to his appeal on this ground, and based upon his apparent concession that A.Y. was a minor, the Court finds that his current argument is without merit.[4] The magistrate committed no plain error here and, even under the less forgiving abuse of discretion standard of review, his decision is due to be affirmd.

**D.     The magistrate did not err by referencing 18 U.S.C. § 2244**.

Pilati's final argument, also briefed in a one-paragraph, perfunctory manner and not raised at any juncture prior to this appeal, is that there is a conflict between SORNA's definition of a minor and 18 U.S.C. 2243(a), which, according to Pilati, the

---

[4] Additionally, the Government provided supplemental evidence, filed under seal, that conclusively establishes that A.Y. was a minor at the time of Pilati's offense against A.Y.. (Doc. 98.) As the Government correctly contends, supplementing the record with this additional evidence is appropriate to avoid the unnecessary expenditure of judicial resources in a remand to clarify A.Y.'s age. (Doc. 97 at 2.)

magistrate relied upon in finding that he was required to register under SORNA[5]. (Doc. 92 at 5-6.)

Pilati is technically correct in noting that there are divergent definitions of the term "minor" under SORNA and 18 U.S.C. § 2243(a). SORNA defines a minor as a person who has not yet attained the age of eighteen years, 42 U.S.C. § 16911(14), whereas 18 U.S.C. § 2243(a) defines a minor as someone who is at least twelve, but no older than sixteen. However, Pilati is incorrect in contending that the magistrate relied on 18 U.S.C. § 2243(a) in finding that Pilati was required to register as a sex offender.

In finding that Pilati was required to register as a sex offender, the magistrate discussed at length why he believed that registration was appropriate:

> [U]nder 42 U.S.C. § 16911(1), a sex offender is defined as ["]an individual who was convicted of a sex offense.["]
> Reading further in the legislation, down in subparagraph (5), there is an expansion, if you will, of the definition of ["]sex offense ["] to include subparagraph (5)(A)(ii) that a criminal sex offense includes ["]a criminal offense that is a []specified offense against a minor." That is, it is a "specified offense against a minor."
> The term "specified offense against a minor" is further defined in the same statute under Paragraph 7. And I will read it.
> It says: Expansion of the definition of "specified offense against a minor" to include all offenses by child predators. Then the next sentence says: The term "specified offense against a minor" means an offense against a minor that involves any of the following. And in

---

[5] The magistrate cited 18 U.S.C. § 2244, which incorporates 18 U.S.C. § 2243(a).

14

>subparagraph (I), and this is the relevant portion, it says: ["]Any conduct that by its nature is a sex offense against a minor.["]
>
>Based upon the evidence before this court, in Count Four dealing with the minor A.Y., it is a ["]sex offense["] as the court considered under the guidelines as well under 18 U.S.C. § 2244. Therefore, the court finds that the defendant will be required to register.

(Doc. 90 at 8:24-9:22.) Viewing this discussion in its totality, it is clear that the magistrate judge did not find that Pilati had violated 18 U.S.C. § 2244 and that he was required to register on account of this fact. That provision is mentioned only as an aside, as part of the magistrate's larger holding that Pilati engaged in conduct that was a "sex offense" under 42 U.S.C. § 16911, that is, a "specified offense against a minor," because it was conduct ("strok[ing] the testicles") that "<u>by its nature</u> is a sex offense <u>against</u> a minor." (Doc. 90 at 9:16-17(emphasis added).) *Cf. United States v. Dodge*, 554 F.3d 1357, 1362-1363 (2009) (finding that a conviction under 18 U.S.C. § 1470 for distributing obscene material did not require SORNA registration because it was not a "sex offense <u>against</u> a minor," because the conduct did not necessarily require "a concept of contact or opposition."). The magistrate judge's mention of another provision in making this determination does not change this conclusion. Thus, even if plain error review did not apply, this argument would be without merit.

## V.     CONCLUSION

Pilati has provided the Court with only perfunctory arguments, unsupported by citations to legal authority, which the Court is not required to consider on appeal. Further, Pilati failed to raise any of his current objections in the proceedings below; consequently plain error review applies. Since the law remains unsettled in this area, even assuming that the magistrate judge committed an error, that error was not plain. Moreover, even under an abuse of discretion standard, the magistrate judge did not err. In light of the above-described reasons, the magistrate judge's decision is **AFFIRMED**.

**DONE** and **ORDERED** this the 7th day of April, 2009.

**VIRGINIA EMERSON HOPKINS**
United States District Judge